■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEVERLY ANN MILLER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of manslaughter in the second degree (Penal Law § 125.15 [1]), as a lesser included offense of murder in the second degree, for recklessly causing the death by asphyxiation of a one-year-old child for whom she was baby-sitting. On appeal, defendant contends that the proof was legally insufficient because the People failed to prove to a moral certainty that she acted in conscious disregard of a known risk (see, Penal Law § 15.05 [3]).

From our review of the record, we conclude that the proof was legally sufficient (see, People v Bleakley, 69 NY2d 490, 495). Defendant was a mother of three and an experienced baby-sitter with some training as a nurse. According to defendant's statement to the police, received in evidence at trial, defendant held her hand over the infant's mouth and nose "for a short period of time" to stop her from screaming.

The Medical Examiner testified that the sustained and severe pressure applied to the victim's neck was consistent with hanging or a severe assault on the neck, and was inconsistent with resuscitation efforts, as had been claimed by defendant in her trial testimony (see, People v Stubbs, 122 AD2d 91). Objective evidence of surrounding circumstances is a proper factor to consider in determining defendant's perception of the risk (see, People v Licitra, 47 NY2d 554, 559, rearg denied 53 NY2d 938). The jury could reasonably have found that she was aware of the risk of cutting off the infant's air supply through her nose and mouth (see, People v Holloman, 151 AD2d 1013, lv denied 74 NY2d 897).

We further find that defendant's sentence was not harsh and excessive. (Appeal from judgment of Genesee County Court, Dillon, J.—manslaughter, second degree.) Present—Callahan, J. P., Boomer, Pine, Balio and Lowery, JJ.

■ JOHN H. SCHMIDT, Appellant, v MARCIA K. SCHMIDT, Respondent.—Order unanimously affirmed without costs. Memorandum: Upon our review of the record, we find no basis to disturb Family Court's award of primary physical custody to respondent (see, Matter of Blank v Blank, 124 AD2d 1010; Pawelski v Buchholtz, 91 AD2d 1200). (Appeal from order of Livingston County Family Court, Cicoria, J.—custody.) Present —Callahan, J. P., Boomer, Pine, Balio and Lowery, JJ.